IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENNIE J. HIGGINS,           ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.                           ) | CIVIL ACTION NO. 1:07cv1073-WC |
| ) | |
| MICHAEL J. ASTRUE,            ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.     ) | |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Bennie J. Higgins (Higgins) applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) (hereinafter "the Act"). His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. Upon review, the Appeals Council remanded the case back to the ALJ. The ALJ held a second hearing, then denied the claims again. The Appeals Counsel then denied Plaintiff's request for review, upholding the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #12); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-seven years old and had completed three years of university at the time of the hearing before the ALJ. (Tr. 16). Plaintiff has past relevant work experience as a sales attendant, telephone solicitor, auto sales person, and cashier. (Tr. 85). Pursuant to the Remand Order from the Appeals Counsel, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of 30 March 2003 (Step 1). (Tr. 14). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: cognitive disorder, NOS; post-traumatic stress disorder (PTSD); major depression, recurrent, moderate; and low back mechanical problems versus pain syndrome. (Tr. 15). The ALJ nonetheless found Plaintiff does not possess an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404. (Tr. 18). Next, the ALJ found that Plaintiff retains the RFC to "perform work at the medium exertional level, in function-by-function physical terms, as set forth in SSRs 83-10 and 96-8p" (Step 3). (Tr. 20). At Step 4, after obtaining the testimony of a vocational expert, the ALJ found that Plaintiff could perform his past relevant work as a sales attendant and cashier (self-service capacity). (Tr. 23). Consequently, the ALJ found Plaintiff had not been disabled since the alleged onset date.

### IV.   PLAINTIFF'S CLAIMS

The Court expended a great deal of time attempting to determine Plaintiff's claims in this case. The beginning of Plaintiff's brief contains a few introductory facts then seems to

discuss the ALJ's authority to determine the credibility of witnesses. The first section of the brief ends with counsel for Plaintiff informing the Court he is "desirous and prone to next lay out the pattern from the record of factual evidence that with overwhelming logic merges the objective medical evidence with the picture and testimony of attending and total disab[ility]." (Doc. #16 at 3). The next section of Plaintiff's brief, which actually contained legal authority, set forth the Eleventh Circuit's three part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Thus, the Court was genuinely confused when the argument portion of Plaintiff's brief, titled "Applying the Law to the Record," did not discuss anything related to Plaintiff's subjective complaints of pain or other subjective symptoms. Rather, Plaintiff argued:

> The Claimant's past relevant work should be ruled out according to the MRFC dated 8/8/03. This conclusion came out as a result of his inability to carry out detailed instructions Exhibit 9E Page 3. Mr. Higgins' service in the Army occurred from August 21, 1969, to August 20, 1971. On July 21, 2004, the VA changed one of their earlier decisions granted on evaluation of 100 percent for Post Traumatic Stress Disorder (Ex. 20E Page 4).
>
> In Plaintiff/Claimant's testimony he related his PTSD to being a soldier in Vietnam and being in charge of body bags and sending soldiers' bodies back home. He continues to have Vietnam flashbacks which qualified him for a 100 percent [Veterans Administration (VA)] disability rating. While the VA rating is not tantamount to a favorable ALJ decision, it should be used as evidence of a severe impairment qualifying for benefits.
>
> The Plaintiff/Claimant has ben [sic] under a disability, as defined in the Social Security Act, from March 30, 2003, through today (20 C.F.C. § 404.1520(c)).

(Doc. #16 at 4-5). The above serves as the entirety of Plaintiff's arguments.

The Government is also confused as to Plaintiff's claim. In its brief, the Government states: "Plaintiff's sole specific issue *appears* to be whether the ALJ properly evaluated the credibility of his subjective complaints." (Doc. #21 at 3) (emphasis in original). The Court disagrees, although it certainly understands the Government's confusion. The Court believes Plaintiff's claims are: (1) The ALJ erred in finding that Plaintiff could perform past relevant work; and (2) The ALJ erred in not using the VA rating of disability as evidence of a severe impairment qualifying Plaintiff for benefits.[5]

## V.   DISCUSSION

### A.   The ALJ did not err in finding that Plaintiff could perform past relevant work.

Plaintiff argues that the Vocational Report, dated 8 August 2003, (Tr. 143-144), shows that Plaintiff could not perform past relevant work.

The Vocational Report states that Plaintiff's past relevant work as an auto salesperson and telemarketer would be "ruled out" due to limitations. (Tr. 143). While the ALJ found that Plaintiff could perform his past relevant work as a sales attendant and cashier (self-service capacity), consistent with the Vocational Report he "ruled out" Plaintiff's ability to perform his past work as an auto salesperson and telemarketer, because they were

---

[5] Pleadings which are signed by a lawyer should not leave the Court and opposing parties guessing about their construction, especially about a matter as basic as the nature of a party's claims.

"semiskilled" positions and the others were "unskilled." (Tr. 24). The author of the Vocational Report only considered Plaintiff's ability to perform his past work as an auto salesperson and telemarketer because she had been unsuccessful in documenting all of Plaintiff's past relevant work. (Tr. 144) ("Reasonable attempts to document all of the Claimant's past relevant work have been unsuccessful."). Thus, the ALJ's decision was consistent with the Vocational Report,[6] and Plaintiff has failed to show any error.

### B. The ALJ erred in not using the VA rating of disability as evidence of a severe impairment qualifying Plaintiff for benefits.

Plaintiff contends that the ALJ erred in not using the VA rating of disability as evidence of a severe impairment that would qualify Plaintiff for benefits. However, the ALJ did consider the VA's findings. The ALJ's report mentions the VA's determination several times, and the ALJ specifically stated that he gave full consideration to the VA's findings. However, the ALJ also correctly stated that "[a]s noted in Social Security Ruling 06-03p, the Social Security Administration is not bound by another agency's disability determination since different rules and standards are applied in reaching a conclusion of disability." (Tr. 22). *See* SSR 06-03p; *see also Kemp v. Astrue*, 2009 WL 163019, *3 (11th Cir. 2009) (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir.1981)) ("A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is

---

[6] Further, an ALJ's decision does not have to conform to a Vocational Report. The Vocational Report was made without the benefit of all the evidence before the ALJ, including all of Plaintiff's medical and vocational records and testimony produced at the hearing, including that of experts.

entitled to great weight.").

Therefore, the ALJ did consider the VA's determination of disability and ascribed it the proper weight. This Court finds no error.

## VI.     CONCLUSION

In addition to reviewing Plaintiff's claims, the Court has carefully and independently reviewed the entire record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

DONE this 27th day of February, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE